**[Cite as *Wade v. Ohio Dept. of Transp.*, 2011-Ohio-4150.]**



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JUSTIN WADE

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-01348-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1}    Plaintiff, Justin Wade, filed this action against defendant, Department of Transportation (ODOT), alleging the tire on his vehicle was damaged as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on South Front Street across the overpass of I-70.  Plaintiff related he hit pieces of concrete curbing that crumbled and fell onto the roadway.   Plaintiff recalled the described incident occurred on August 9, 2010, at approximately 8:45 a.m.   In his complaint, plaintiff requested damages in the amount of $269.00, the total cost of a replacement tire. The $25.00 filing fee was paid.

{¶2}    Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact the City of Columbus and not ODOT bears the maintenance responsibility for the roadway and sidewalks off of the bridge where plaintiff's incident occurred.  Consequently, defendant contended the City of Columbus is the proper party defendant to plaintiff's action.

{¶3}    Plaintiff did not file a response.

CONCLUSIONS OF LAW

{¶4}    R.C. 2743.01(A) provides:

{¶5}    "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state.  'State' does not include political subdivisions."

{¶6}    R.C. 2743.02(A)(1) states in pertinent part:

{¶7}    "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section.  To the extent that the state has previously consented to be sued, this chapter has no applicability."

{¶8}    R.C. 5501.31 in pertinent part states:

{¶9}    "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director . . ."

{¶10}  The site of the damage-causing incident was not the maintenance jurisdiction of defendant.  Consequently, plaintiff's case is dismissed.



# Court of Claims of Ohio

JUSTIN WADE

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-01348-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Justin Wade
684 Mohawk Street
Columbus, Ohio  43206

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

SJM/laa
5/10
Filed 5/24/11
Sent to S.C. reporter 8/19/11